```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
In re:                                                              Case No. 15-03281-RNO
Sherry L. Stipsak                                                   Chapter 13
       Debtor                    CERTIFICATE OF NOTICE
District/off: 0314-1        User: DGeorge              Page 1 of 1              Date Rcvd: Jul 27, 2016
                            Form ID: pdf010            Total Noticed: 5
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 29, 2016.

```
              +Giuseppina G, McCarthy, Esquire,   McCarthy, Mc Nees & Wallace & Nurick,,   100 Pine Street,
                Harrisburg, PA 17101-1288
              +Neil A. Slenker Esquire,   Stock and Leader,   Susquehanna Commerce Center East,
                221 West Philadelphia St Suite 600,   York, PA 17401-2991
              +William T. Hast Esquire,   Stocker and Leader,   Susquehanna Commerce Center East,
                221 West Pholadelphia Street,   York, PA 17401-2991
4677593       +YORK COUNTY TAX CLAIM BUREAU,   28 EAST MARKET STREET,   ROOM 110,   YORK, PA 17401-1587
4677595       +YORK TRADITIONS BANK,   226 PAULINE DRIVE,   PO BOX 3658,   YORK, PA 17402-0136
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 29, 2016                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 27, 2016 at the address(es) listed below:

```
              Charles J. DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,   TWecf@pamd13trustee.com
              Henry W Van Eck    on behalf of Creditor    Metro Bank, N.A. hwvaneck@mette.com,   smramsey@mette.com
              Joshua I Goldman    on behalf of Creditor    Colonial Savings FA bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Kathryn Leanne Mason    on behalf of Creditor    First National Bank of PA klm@jsdc.com,
               cls@jsdc.com
              Lawrence V. Young    on behalf of Debtor Sherry L. Stipsak lyoung@cgalaw.com,
               tlocondro@cgalaw.com;scomegna@cgalaw.com;hlocke@cgalaw.com;rminello@cgalaw.com;kwengert@cgalaw.co
               m;kbrayboy@cgalaw.com
              Matthew C Samley    on behalf of Creditor    Community First Fund mcs@trustmattersmost.com,
               paralegal@trustmattersmost.com
              Paul C Bametzreider    on behalf of Creditor    Synergy Employment Group, Inc. paulb@rwssl.com,
               bhaase@rwssl.com
              Steven M. Carr    on behalf of Creditor    Nobel Opportunity Fund II, LP stevecarr8@comcast.net,
               njdodson@comcast.net
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 9
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br> SHERRY L. STIPSAK<br><br>           Debtor<br><br>SHERRY L. STIPSAK<br><br>           Movant<br><br>v.<br><br>NOBEL OPPORTUNITY FUND II, LP, SUCCESSOR IN INTEREST BY WAY OF PURCHASE FROM FIRST NATIONAL BANK/ METRO BANK ;<br>GIRL SCOUTS IN THE HEART OF PENNSYLVANIA;<br>YORK COUNTY TAX CLAIM BUREAU;<br>YORK TRADITIONS BANK;<br>AND<br>CHARLES J. DEHART, III, ESQUIRE CHAPTER 13 TRUSTEE,<br><br>           Respondents | Chapter 13<br><br>Case No. 1:15-bk-03281<br><br>11 U.S.C. § 363 |

**ORDER APPROVING SALE OF PROPERTY OF THE ESTATE
FREE AND CLEAR OF LIENS AND ENCUMBRANCES AND APPROVING
<u>BROKER'S COMMISSION</u>**

The matter before the Court is the motion (the "<u>Motion</u>")[1] of the above-referenced debtor (the "<u>Debtor</u>") for approval of the sale of the Real Estate (as defined below) in accordance with the terms and conditions of the Purchase Agreement (as defined below), and free and clear of all liens, claims, encumbrances, and other interests, pursuant to Sections 363(b) and 363(f) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and for approval of payment of the commission of the broker that facilitated the sale of the Real Estate. Based on the pleadings filed

---

[1] Capitalized terms not defined in this order are defined in the Motion.

in the case, the evidence presented in support of or opposition to the Motion, statements of counsel, and the entire record before the Court, after hearing held on July 27, 2016, the Court finds as follows:

1. Jurisdiction and venue of the Motion are properly before this Court.

2. The Motion is a core proceeding.

3. Due, timely, proper, adequate and sufficient notice of the Motion, the proposed terms and conditions of the sale of the Real Estate, the deadline for filing objections to the Motion, and the time and date of the hearing on the Motion was given to all creditors and parties in interest who were entitled to notice pursuant to Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of this Court, including, without limitation, (i) all known creditors of the Debtor, including all parties asserting claims against the Real Estate, (ii) all parties who have requested notice in this Chapter 13 case pursuant to Bankruptcy Rule 2002, and (iii) all applicable federal, state, and local taxing and regulatory authorities. No further notice of the Motion or the sale of the Real Estate is required.

4. All objections to the Motion were either withdrawn at or prior to the hearing, or are hereby overruled.

5. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The Court's finding shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the hearing on the Motion.

6. On July 31, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") under Chapter 13 of the Bankruptcy Code.

7. The Debtor owns certain real estate located in York County, Pennsylvania located at 1600 Mount Zion Road, York, Pennsylvania 17406, parcel identification numbers 46-000-KJ-0027-A0-0000 and 46-000-KJ-0027-E0-0000, together with all improvements that are attached to the real estate and certain Tangible Assets located in or upon the foregoing (collectively, the "Real Estate"). The Real Estate constitutes property of the Debtor's estate, and good title is vested in the Debtor's estate within the meaning of Section 541(a) of the Bankruptcy Code. The Debtor is the sole and rightful owner of the Real Estate with all right, title, and interest to transfer and convey the Real Estate to Buyer, and no other party has any ownership right, title, or interests therein.

8. The Debtor has demonstrated good, sufficient, and sound business purposes and justifications for approval of the Purchase Agreement and the sale of the Real Estate. The Debtor's entry into and performance under the Purchase Agreement (i) are a result of due deliberation by the Debtor and constitute a sound and reasonable exercise of the Debtor's business judgment consistent with its fiduciary duties, (ii) provide value to and are beneficial to the Debtor's estate, and are in the best interests of the Debtor, its estate, and its creditors, and (iii) are reasonable and appropriate under the circumstances. Business justifications for the sale in accordance with the Purchase Agreement include, but are not limited to, the following: (i) the Purchase Price constitutes the highest and best offer received for the Real Estate, (ii) the Purchase Agreement presents the best opportunity to maximize the value of the Real Estate and avoid decline and devaluation of the Real Estate, (iii) unless the sale and all of the other transactions contemplated by the Purchase Agreement are concluded expeditiously, as provided

for pursuant to the Purchase Agreement, recoveries to creditors may be materially diminished, and (iv) the value of the Debtor's estate will be maximized through the sale of the Real Estate pursuant to the Purchase Agreement.

9. Debtor and its broker engaged in a robust and extensive marketing process. The Debtor conducted a fair and open sale process. The sale process was non-collusive, duly noticed and provided a full, fair, and reasonable opportunity for any entity to make an offer to purchase the Real Estate. The process conducted by the Debtor and the broker obtained the highest and best value for the Real Estate for the Debtor and its estate, and any other transaction would not have yielded as favorable an economic result.

10. The Debtor and White Deer Run, LLC (the "Buyer"), and their respective counsel and advisors, have negotiated, proposed, and entered into that Real Estate Purchase Agreement (the "Purchase Agreement") attached as Exhibit 1 to the Motion, and each of the transactions contemplated therein, in good faith, without collusion and from arm's-length bargaining positions. Buyer is a "good faith purchaser" and is acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby. Buyer is not an "insider" or "affiliate" of the Debtor, as those terms are defined in Section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders exists between the Buyer and the Debtor. Buyer has proceeded in good faith in all respects in that, among other things, (i) Buyer understood that the Debtor was free to deal with any other party interested in acquiring the Real Estate, and (ii) all payments to be made by the Buyer and all other material agreements or arrangements entered into by the Buyer and the Debtor in connection with the sale have been disclosed and are appropriate. The Purchase Price in respect of the Real Estate was not controlled by any agreement among potential

purchasers, and neither the Debtor nor the Buyer have engaged in collusion or any conduct that would cause or permit the Purchase Agreement to be avoided or costs and damages to be imposed under Section 363(n) of the Bankruptcy Code. Accordingly, neither the Purchase Agreement nor the sale may be avoided, and no party shall be entitled to damages or other recovery pursuant to Section 363(n) of the Bankruptcy Code.

11. The Purchase Price (i) constitutes fair and reasonable consideration for the Real Estate, (ii) is the highest and best offer for the Real Estate, (iii) will provide a greater recovery for the Debtor's estate and creditors than would be provided by any other practically available alternative, and (iv) constitutes reasonably equivalent value, fair value, and fair consideration under the Bankruptcy Code and other laws of the United States, any state, territory, possession, or District of Columbia or any other applicable jurisdiction with laws substantially similar to the foregoing.

12. One or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Among other things, all parties asserting an interest in the Real Estate will either be paid in full from the proceeds of the sale of the Real Estate, consent to the Motion and the proposed sale of the Real Estate as presented in the Motion, or could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of their interest. All parties having claims of any kind or nature whatsoever against the Debtor or the Real Estate shall be forever barred, estopped, and permanently enjoined from pursuing or asserting such claims against the Buyer or any of its assets, property, affiliates, successors, assigns, or the Real Estate.

13. Buyer would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby if the sale of the Real Estate was not free and clear of all liens, claims, encumbrances, and interests (except the Permitted Exceptions as

{01148047/1}4835-8843-1153.3

Case 1:15-bk-03281-RNO    Doc 113    Filed 07/29/16    Entered 07/30/16 00:50:56    Desc
Imaged Certificate of Notice    Page 6 of 11

defined in the Purchase Agreement), or if Buyer would, or in the future could, be liable for any such claims. The total consideration to be provided under the Purchase Agreement reflects Buyer's reliance on this Order to provide it, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, with title to and possession of the Real Estate free and clear of all liens, claims, encumbrances, and interests.

14. Approval of the sale of the Real Estate pursuant to the Motion and the Purchase Agreement is in the best interests of the Debtor, the Debtor's estate, and its creditors.

15. The sale of the Real Estate must be approved and consummated promptly in order to preserve the value of the Real Estate. Time is of the essence in consummating the sale, and the Debtor and the Buyer intend to close the sale as soon as reasonably practicable and as soon as all conditions precedent to closing under the Purchase Agreement have been satisfied. The Debtor has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the sale as contemplated by the Purchase Agreement. Accordingly, there is sufficient cause to lift the stay contemplated by Bankruptcy Rules 6004(h) with regards to the sale and transactions contemplated by this Order.

Accordingly, for good cause shown, it is

**ORDERED**

that the Motion is GRANTED and the Purchase Agreement is APPROVED in their entirety, and

A. Debtor is hereby authorized to sell the Real Estate, which includes all improvements and property permanently attached to the Real Estate, to the Buyer for the sale price of $2,250,000.00 (the "Sale Price"), pursuant to the terms set forth in the Motion and the Purchase Agreement (or a substantially similar contract). Debtor is further hereby authorized to,

and shall, perform all of the obligations and consummate all of the transactions set forth in the Purchase Agreement, and shall execute and deliver such documents and instruments required under the Purchase Agreement or reasonably requested by Buyer to further evidence and consummate the sale of the Real Estate, including, but not limited to, a special warranty deed and a Title Policy (as defined in the Purchase Agreement). The Purchase Agreement, and any related agreements, documents or other instruments, may be modified, amended or supplemented by the parties thereto, in a writing signed each party, and in accordance with the terms thereof, without further order of the Court; *provided* that any such modification, amendment, or supplement does not materially change the terms of the Purchase Agreement or any related agreements, documents or other instruments.

B. All parties are prohibited from taking any action to adversely affect or interfere with the ability of the Debtor to transfer the Real Estate to Buyer in accordance with the Purchase Agreement and this Order, and all parties that are currently in possession of some or all of the Real Estate are hereby directed to surrender possession of such Real Estate to Buyer as of the applicable closing.

C. Each and every any federal, state, local, or foreign government or governmental or regulatory authority, agency, board, bureau, commission, court, department, or other governmental entity is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

D. The sale and transfer of the Real Estate to Buyer shall be, and hereby is, free and clear of all liens, claims, encumbrances, and other interests (other than Permitted Exceptions as

defined in the Purchase Agreement), to the fullest extent permitted by Sections 363(b) and (f) of the Bankruptcy Code.

E. As of the closing, the transfer of the Real Estate to Buyer will be a legal, valid, and effective transfer of the Real Estate, and will vest Buyer with all right, title, and interest of the Debtor in and to the Real Estate free and clear of all liens, claims, encumbrances, and other interests (other than Permitted Exceptions as defined in the Purchase Agreement).

F. If any party has filed financing statements, mortgages, mechanic's liens, *lis pendens,* or other documents or agreements evidencing claims against or in the Real Estate, (a) the Debtor is hereby authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of the party with respect to the Real Estate, and (b) Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, encumbrances, and interests against the Real Estate. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, county, or local government agency, department, or office.

G. All liens, claim, encumbrances and interests on or in the Real Estate shall attach to the proceeds of the sale to the same extent, and with the same validity and priority, as the liens had in the Real Estate.

H. Notwithstanding anything to the contrary in the Motion, the Purchase Agreement or this Order, Buyer does not assume, and is not liable for, any liabilities of the Debtor or the Debtor's estate. Buyer (i) is not, and shall not be considered, a successor to the Debtor, (ii) has not, *de facto* or otherwise, merged with or into the Debtor, (iii) is not a continuation or substantial continuation, and is not holding itself out as a mere continuation, of the Debtor or its

estate, business or operations, or any enterprise of the Debtor, and (iv) does not have a common identity of incorporators, directors, or equity holders with the Debtor. Without limiting the foregoing, all obligations of the Debtor relating to taxes, whether arising under any law, by the Purchase Agreement, or otherwise shall be the obligation of and fulfilled and paid by the Debtor.

I. No bulk sales law, bulk transfer law, or similar law of any state or other jurisdiction (including those relating to taxes) shall apply in any way to the transactions contemplated by the Purchase Agreement or this Order.

J. The manner of distribution of proceeds from the Purchase Price set forth in the Motion is approved, and the Debtor is authorized and directed to make such distributions on or about the time of closing of the sale without the necessity of further hearing or order of the Court.

K. Without limiting the foregoing, the Debtor is authorized to pay the broker's commission set forth in the Motion at closing without further application to the Court. Buyer shall have no liability to broker or for the broker's commission.

L. In the event that there is a direct conflict between the terms of this Order, the Purchase Agreement, and any documents executed in connection therewith, the provisions contained in this Order, the Purchase Agreement, and any documents executed in connection therewith shall govern, in that order.

M. The terms and provisions of this Order and the Purchase Agreement shall be binding in all respects upon the Debtor, its estate and its creditors, any affected third parties, all holders of equity interests in the Debtor, all holders of any claims, whether known or unknown, against the Debtor, any holders of claims against or on all or any portion of the Real Estate, including, but not limited to, all contract counterparties, leaseholders, governmental units, and

any trustees, examiners, administrators, responsible officers, estate representatives, or similar entities for the Debtor, if any, subsequently appointed in the Debtor's Chapter 13 case or upon a conversion to Chapter 7 under the Bankruptcy Code of the Debtor's Chapter 13 case, and their affiliates, successors, and assigns. This Order and the Purchase Agreement shall inure to the benefit of the Debtor, its estate and creditors, Buyer and their respective successors and assigns. Nothing contained in any order of any type or kind entered in this Chapter 13 case (including, without limitation, any order entered after any conversion of this Chapter 13 case to a case under Chapter 7 of the Bankruptcy Code) or in any related proceeding shall alter, conflict with or derogate from the provisions of the terms of this Order or the Purchase Agreement.

N. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

O. Notwithstanding the provisions of Bankruptcy Rules 6004(h) or any applicable provisions of the Local Rules of this Court, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) is hereby expressly waived and shall not apply. Time is of the essence in closing the transaction contemplated by the Purchase Agreement, and the Debtor and Buyer intend to close the sale as soon as practicable upon satisfaction of all conditions precedent to closing under the Purchase Agreement. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law and prior to the closing, or risk its appeal will be foreclosed as moot.

The Clerk of Court shall send a certified copy of this Order as entered to counsel for the Debtor at the address below who will then distribute the Order to all parties in interest.

By the Court,

Robert N. Opel, II, Bankruptcy Judge
(BI)

Dated: July 27, 2016

{01148047/1}4835-8843-1153.3